BY THE COURT.
The evidence shows an arrangement between the widow and her children to sell the property left by their deceased father in Kentucky, and to vest the proceeds in land in Ohio, to be held for the use of the family in the same way the land was held in Kentucky. The land was soldin 1826,for$350, which James received, as he did also $30, part of a horse sold, and $88 of other personalty. He expended $11.24, in collecting the $88. The land in Ohio was purchased in 1826, for $650, of which $400 was j>aid down, and notes given for $250, one-half in one, and the other half in two years. The family was then moved on to the land with their goods, and have continued there ever since. James paid the $250, and in 182*1 took a deed to himself. He has paid taxes up to 1833, amounting to $13.46. The caséis here only as between the complainant and her son James, the appellant. As to all the other interests, it would seem the injunction of the Common Pleas was either perpetual and operative, or inoperative, leaving their interests undefended. The case is in such a situation that we do not see how to proceed. We think it clear that, inasmuch as by the agreement, the land in Ohio was to be held as the land in Kentucky was held. James took it in trust for his mother in lieu of her dower, and for himself and the other heirs of the fee, and that they were to pay their proportion of the taxes. There should be an account of the taxes, rents and profits; but as those having an interest are not in court, we will at present continue the cause to afford the parties leisure to advise upon their future steps.